**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRE MILANO, LLC, a California limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-cv-09460 |
| EON, INC., an Illinois corporation d/b/a UNIVERSAL EXPORTS, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

<u>**COMPLAINT FOR DAMAGES**</u>

COMES NOW, Plaintiff TRE MILANO, LLC (hereinafter "Plaintiff"), to hereby file its Complaint against EON, INC. (hereinafter "Defendant").

<u>**PARTIES**</u>

1.      Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a California limited liability company, duly authorized and licensed to conduct business in California, with its principal place of business in California.  Plaintiff is a beauty product and hair product company involved in the development, production, sale, and distribution of the hair brush and rotating hot iron combination instrument marketed as InStyler®.

2.      Plaintiff is informed and believes that EON, INC., is now, and was at the time of the filing of this Complaint and at all intervening times, an Illinois corporation doing business as Universal Exports and formerly doing business as Media Liquidations, with its principal place of business located at 1701 Quincy Ave., Suite 12, Naperville, Illinois 60540.

3.      Plaintiff further alleges that EON, INC. liable and responsible upon the causes of action hereinafter set forth.

4. Defendant conducts business in the jurisdiction of the United States District Court for the Northern District of Illinois by offering for sale, selling, and distributing counterfeits goods throughout the United States, that infringe on the registered trademarks and copyrights of Plaintiff.

## JURISDICTIONAL ALLEGATIONS

5. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 U.S.C. §1051, et seq.), and copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a) and (b).

6. This Court has general and specific personal jurisdiction over Defendant because Defendant is located within this district and has committed the tortious illegal activities of trademark infringement, copyright infringement and unfair competition in this district and/or Defendant has sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendant has advertised, offered to sell and have sold to consumers, within this judicial district and throughout the United States, counterfeit products that infringe the trademarks and copyrights of Plaintiff. Defendant has also offered to sell and actually sold counterfeit products (described more fully below) using an interactive Internet website knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendant, believing that they were authentic goods manufactured and distributed by Plaintiff or its authorized manufacturers.

7.      Venue is proper, inter alia, pursuant to 28 U.S.C. §1391(b), because on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and have caused damages to Plaintiff in this district. Defendant's actions within this district directly interfere with and damage Plaintiff's commercial efforts and endeavors and harms Plaintiff's goodwill within this Venue.

### GENERAL ALLEGATIONS

8.      Plaintiff is a beauty product and hair product company involved in the development, production, sale, and distribution of the hair brush and rotating hot iron combination instrument, InStyler.  Plaintiff owns the "InStyler" mark used in connection with its "rotating iron" hair brush, a combination instrument that is a hair brush and rotating hot iron used to curl, straighten, and style hair.  Plaintiff has been using the mark since June 2008. Plaintiff first distributed the "InStyler" mark in June 2008.

9.      Plaintiff owns registered United States Trademark for the "InStyler" mark under U.S. Reg. No. 3496525 (registered September 2, 2008).  A true and correct copy of Plaintiff's InStyler® USPTO Trademark Registration Certificate is attached hereto as **Exhibit A**.

10.      Plaintiff also owns registered trademarks in the "InStyler" marks in the following foreign countries or territories:  Benelux, Canada, European Community, Hungary, International Registration – Madrid Protocol Only, Ireland, Mexico, Turkey, and United Kingdom.

11.      Plaintiff owns a United States Copyright for the "InStyler," and related InStyler products, infomercials, and website under Certificate of Registration numbers:  TX0006921877 (registered November 24, 2008); TX0006910783 (registered November 14, 2008); TX0006921892 (registered November 24, 2008); PAu003370090 (registered November 12, 2008); TXu001599536 (registered November 14, 2008); VA0001672732 (registered June 12, 2009); VA0001673742 (registered June 12, 2009); VAu000995006 (registered July 14, 2009);

VAu001001634 (registered September 28, 2009); VAu000994999 (registered July 14, 2009); VAu000995000 (registered July 14, 2009); PAu003365698 (registered October 29, 2008); TX0007107862 (registered July 2, 2009); VA0001671183 (registered June 12, 2009); VA0001671191 (registered June 12, 2009); VA0001671190 (registered June 12, 2009); and VA0001671188 (registered June 12, 2009).

12.     Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its "InStyler" marks. Plaintiff has spent over $30,000.000.00 to air its television infomercials alone, and over $5,000.0000.00 on print and internet advertising. Dating back to inception in 2008, the "InStyler" infomercials have aired over 5,000 times.

13.     According to Infomercial Monitoring Service, Inc. (IMS), a monitor of national broadcast, cable and satellite television for the direct response television industry, Plaintiff's "InStyler" infomercials have consistently been ranked within the IMS Top 25 list over the past three years.

14.     Through the extensive use of the "InStyler" marks, Plaintiff has built up and developed significant goodwill in the "InStyler" marks. A wide array of newspapers, magazines, and television networks (including Redbook, Glamour, Essence, the Chicago Sun-Times, "O" the Oprah Magazine, The View, Access Hollywood, and E! Entertainment Television) have featured stories and demonstrations enthusiastically describing the successful use of the "InStyler."

15.     Defendant EON, INC. owns and operates an electronic "storefront" on the e-commerce website, Amazon.com, to offer for sale, sell and distribute products, including counterfeit InStyler® products, to consumers.

16.     Defendant EON, INC. has purchased, imported, offered for sale, sold, and distributed hundreds of counterfeit InStyler® products to consumers utilizing Amazon.com.

17.     On May 11, 2011, in its ongoing investigation of counterfeit sales of the "InStyler" product, Plaintiff ordered a purported "InStyler" rotating hot iron from the electronic storefront operated by Defendant EON, INC. on Amazon.com, for a cost of $79.85 charged to a credit card account of Plaintiff's counsel, Thomas J. Peistrup of Tantalo & Adler, LLP.  A true and correct copy of the website purchase receipt is attached hereto as **Exhibit B**.

18.     On May 25, 2011, Plaintiff ordered another purported "InStyler" rotating hot iron from the electronic storefront operated by Defendant EON, INC. on Amazon.com, for a cost of $74.24 charged to a credit card account of Plaintiff's counsel, Thomas J. Peistrup of Tantalo & Adler, LLP.  A true and correct copy of the website purchase receipt is attached hereto as **Exhibit C**.

19.     The products purchased from Defendant EON, INC. were inspected by Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased items using security measures confirmed that the items Defendant EON, INC. sold were, in fact, counterfeit "InStyler" products.

20.     Defendant EON, INC. purchased, imported, and/or acquired the counterfeit InStyler® products it offered for sale, sold, and distributed on Amazon.com from Buy International, LLC and Frank Murray.

21.     Defendant uses images confusingly similar or identical to Plaintiff's trademarks, to confuse consumers and aid in the promotion and sales of its unauthorized product. Defendant's use of Plaintiff's trademarks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of Plaintiff's "InStyler" product.  Defendant's

use began long after Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the copyright and trademark registrations alleged above. Neither Plaintiff nor any authorized agents have consented to Defendant's use of Plaintiff's "InStyler" trademarks.

22.     Defendant's actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized copies of Plaintiff's "InStyler" product, sold, and distributed by Defendant. By its wrongful conduct, Defendant has traded upon and diminished Plaintiff's goodwill. Furthermore, the sale and distribution of counterfeit goods by Defendant has infringed upon Plaintiff's federally registered trademarks and copyrights.

## COUNT I

**(Federal Trademark Infringement Against Defendant EON, INC.)**
**[15 U.S.C. §1114/Lanham Act §43(a)]**

23.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-22.

24.     Defendant is actually aware that Plaintiff is the registered trademark holder of the "InStyler" mark and designs and its registered copyrights. *See* Ex. A.

25.     Defendant did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and mark to commercially distribute and market "InStyler" rotating hot iron bearing the Plaintiff's mark into the stream of commerce.

26.     Defendant intentionally and knowingly used in commerce the reproduction, counterfeit, copy, and/ or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution, or advertising of Plaintiff's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit "InStyler" rotating hot iron bearing the "InStyler" trade name and mark.

27.     Defendant purchased, imported, and/or acquired counterfeit rotating hot irons bearing Plaintiff's registered "InStyler" mark.  Defendant thereupon offered, advertised, promoted, retailed, sold, and distributed throughout the United States using the Internet website www.Amazon.com counterfeit "InStyler" rotating hot irons bearing the "InStyler" trade name and mark.

28.     Defendant's egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic "InStyler" rotating hot iron manufactured by Plaintiff.

29.     Defendant's continued and knowing use of Plaintiff's trade name and mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of §32 of the Lanham Act, 15 U.S.C. §1114.

## COUNT II

**(Federal Copyright Infringement Against Defendant EON, INC.)**
**[17 U.S.C. §501(a)]**

30.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-29.

31.     Plaintiff is the exclusive owner of its design creations, and registered copyrights with the United States Copyright Office.

32.     Defendant has actual notice of Plaintiff's exclusive copyright rights.

33.     Plaintiff's copyright registrations provide constructive notice of Plaintiff's ownership rights in the copyrighted works.

34.     Defendant did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise the copyrighted works.

35.     Without permission, Defendant intentionally and knowingly purchased, imported, acquired, copied, and displayed colorable imitations of the designs by offering, advertising, promoting, retailing, selling, distributing counterfeit "InStyler" rotating hot iron containing the copyrighted works.

36.     Defendant intentionally and willfully applied their infringing uses of the copyrighted works to labels, signs, printed notices, packaging, wrappers, receptacles and advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Defendant's goods and represented that the goods were authentic products of Plaintiff's.     Defendant thereupon widely, publicly, and continuously offered, advertised, promoted, retailed, sold, and distributed counterfeit "InStyler" rotating hot iron containing the copyrighted works.

37.     Defendant continued their infringement of the designs in blatant disregard of Plaintiff's protected rights.

## COUNT III

### (False Designation of Origin & Unfair Competition Against Defendant EON, INC.)
### [15 U.S.C. §1125(a)]

38.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-37.

39.     Defendant's conduct described above violate the Lanham Act, have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

40.     Defendant has the legal obligation and responsibility to conduct a search before utilizing a trademark so as not to confuse or deceive consumers as to the origin of its name and mark.

41.     Plaintiff's mark is distinctive in the states in which trademark registration was obtained by virtue of its substantial inherent and acquired distinctiveness, extensive use in each state in which registration was obtained, and the extensive advertising and publicity of the mark.

42.     Defendant's egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine "InStyler" rotating hot irons.

43.     Defendant's continuing and knowing use of Plaintiff's mark constitutes willful infringement, false designation of origin and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT IV

### (Dilution by Tarnishment Against Defendant EON, INC.)
### [15 U.S.C. §1125(c)]

44.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-43.

45.     Plaintiff's mark is "famous" within the meaning of the Lanham Act and is distinctive in the states in which trademark registration was obtained by virtue of the substantial inherent and acquired distinctiveness of the mark, the extensive use in the relevant states, and the wide advertising and publicity of Plaintiff's goods bearing the mark.

46.     As a result of the substantial inherent and acquired distinctiveness in Plaintiff's mark, extensive use in the states in which registration was obtained, and the wide advertising and publicity of the mark, Plaintiff's InStyler has become strong and is widely identified and respected.

47.     Upon information and belief, Defendant's unlawful actions began long after Plaintiff's mark became famous, and Defendant acted knowingly, deliberately and willfully with

the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark. Defendant's conduct is willful, wanton and egregious.

48.     The actions of Defendant complained of herein are likely to injure the business reputation of Plaintiff and its mark.

49.     Defendant's intentional sale of fake, pirated and counterfeit items bearing Plaintiff's mark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine "InStyler" rotating hot irons.

50.     Defendant's unauthorized and counterfeit use of Plaintiff's famous mark has diluted and will continue to dilute and tarnish Plaintiff's name and mark, and is likely to detract from the distinctiveness of Plaintiff's mark.

51.     Defendant's conduct is intended to trade on Plaintiff's reputation and goodwill and the quality and high standards of Plaintiff's products. Defendant's failure to meet Plaintiff's strict regulations of quality and design will mar the perception among consumers regarding Plaintiff's products, will tarnish and dilute the strength and value of Plaintiff's mark, and will saturate the market with substandard and counterfeit merchandise.

52.     Defendant's egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic "InStyler" rotating hot irons manufactured by Plaintiff.

53.     Defendant's continuing and knowing use of "InStyler" constitutes intentional infringement of Plaintiff's common law trademarks in violation of 15 U.S.C. §1125(c).

54.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless they are enjoined by this Court.

## COUNT V

### (For Declaratory Relief Against Defendant EON, INC.)

55.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-54.

56.     Plaintiff is the exclusive owner of the property, the derivative works, and the programs and has the exclusive rights under the Copyright Act to distribute, reproduce, publicly perform, display and license its property.  Therefore, Defendant's claims to any licensing, contractual, assignment or other right, title, or interest in and to the property, the derivative works, and the programs should be declared legally void.

57.     Plaintiff is the exclusive owner of the mark and has the exclusive rights under the Lanham Act and other pertinent statutes to deal in commerce for its goods and services under the mark.  Defendant's intentional sale of pirated "InStyler" rotating hot irons, broadcast and distribution of the programs, and advertising and publicity for same bearing Plaintiffs' mark unfairly competes with Plaintiff and has caused or is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers.

58.     Plaintiff desires a judicial determination, pursuant to 28 U.S.C. § 2201, that it is the sole owner of the copyrights in the property, the derivative works, and the programs and the sole owner of the mark, that Defendant has no rights to possess or exploit the property, the derivative works, or the programs or use the mark without the express authorization of Plaintiff, and that any claims to the contrary are of no legal effect.

## COUNT VI

### (For Accounting Defendant EON, INC.)

59.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-58.

60.     Plaintiff is the exclusive owner of the property, the derivative works, and the programs and has the exclusive rights under the Copyright Act to distribute, reproduce, publicly perform, display and license the property, the derivative works, and the programs.  Therefore, Defendant's claims to any licensing, contractual or other right, title, or interest in and to the property should be declared legally void.

61.     Plaintiff is the exclusive owner of the mark and has the exclusive rights under the Lanham Act and other pertinent statutes to deal in commerce for its goods and services under the mark.  Therefore, Defendant's claims to any licensing, contractual or other right, title, or interest in and to the mark should be declared legally void.

62.     There is a substantial risk that there will be multiplicity of judicial proceedings unless Defendant and all persons claiming under it, are required to account to Plaintiff for the revenues, advances and royalties relating to the production, marketing, promotion, distribution, sale, release, showing, licensing, broadcast and assignment of the property, the derivative works, and the programs and of goods sold under the mark.

63.     Therefore, Plaintiff requests an order from the Court compelling Defendant to account for all expenses and costs relating to the production, marketing, promotion, distribution, sale, release, showing, licensing, broadcasting and assignment of the property, the derivative works, and the programs and revenues, advances and royalties generated from the production, marketing, promotion, distribution, sale, release, showing, licensing, broadcasting and assignment of the property, the derivative works, and the programs or use of the mark.

## COUNT VII

### (Unjust Enrichment Against Defendant EON, INC.)

64.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-63.

65.     By virtue of the egregious and illegal acts of Defendant as described above, Defendant has been unjustly enriched in an amount to proven at trial.

66.     Defendant's retention of monies gained through its deceptive business practices, infringements, acts of counterfeit and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.

WHEREFORE, Plaintiff TRE MILANO, LLC, prays for judgment against Defendant EON, INC., as follows:

A.     For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114/Lanham Act §43(a);

B.     For damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

C.     For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. §1125(a);

D.     For damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

E.     For damages to be proven at trial for common law unfair competition;

F.     For disgorgement of Defendant's profits under 15 U.S.C. §1117(a);

G.     For an injunction by this Court prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein;

H.      For an order from the Court requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendant complied with its legal obligations, or as equity requires;

I.      For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

J.      For destruction of the infringing articles in Defendant's possession under 15 U.S.C. §1118;

K.      For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendant, under 15 U.S.C. §1117(b);

L.      For damages in an amount to be proven at trial for unjust enrichment.

M.      For Plaintiff's reasonable attorney's fees;

N.      For all costs of suit; and

O.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff TRE MILANO, LLC, respectfully demands a trial by jury in this action.

Dated: November 27, 2012

Respectfully submitted,

*/s/ David B. Goodman*
David B. Goodman, Esq. (#6201242)
SHAW FISHMAN GLANTZ & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Telephone:     (312) 541-0151
Facsimile:     (312) 980-3888
dgoodman@shawfishman.com

*Local Rule 83.15 Local Counsel for Plaintiff TRE MILANO, LLC*

and

Christopher D. Johnson, Esq. (SBN: 222698)
Christopher Q. Pham, Esq. (SBN: 206697)
Marcus F. Chaney, Esq. (SBN: 245227)
JOHNSON & PHAM, LLP
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:     (818) 888-7540
Facsimile:     (818) 888-7544
cjohnson@johnsonpham.com
cpham@johnsonpham.com
mchaney@johnsonpham.com

*Attorneys for Plaintiff TRE MILANO, LLC*
Pro Hac Vice Admission Pending